George Hofmann (10005)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Tyler Hawkes (13063)
**The Rudd Firm PC**
201 S. Main, Ste. 275
Salt Lake City, Utah 84111
Telephone:  (801) 626-5337
Facsimile:  (801) 532-8400

Attorneys for debtor-in-possession
Mineral Resources International, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re | Bankruptcy No.  13-30606 (RKM) |
| MINERAL RESOURCES INTERNATIONAL, INC., | Chapter 11 |
| Debtor. | |

## DEBTOR'S <u>EX PARTE</u> MOTION FOR AN ORDER (i) CONDITIONALLY APPROVING DISCLOSURE STATEMENT PURSUANT TO BANKRUPTCY CODE § 1125(f)(3), (ii) COMBINING THE HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT WITH THE HEARING ON CONFIRMATION OF THE DEBTOR'S PLAN OF REORGANIZATION, (iii) ESTABLISHING VOTING RECORD HOLDER DATE, (iv) APPROVING SOLICITATION PROCEDURES, FORM OF BALLOTS, AND MANNER OF NOTICE, AND (v) FIXING THE DEADLINE FOR FILING OBJECTIONS TO THE CONFIRMATION OF THE PLAN AND/OR TO FINAL APPROVAL OF THE DISCLOSURE STATEMENT

Mineral Resources International, Inc., debtor and debtor-in-possession in the

above-captioned case (the "Debtor"), hereby moves this Court (the "Motion") for entry of

an Order approving the Disclosure Statement with Respect to Plan of Reorganizationn

(the "Disclosure Statement") and granting certain related relief.  Among other things, by

this Motion the Debtor seeks the Court's approval of necessary voting procedures and

deadlines, including the establishment of voting record holder date, the approval of

solicitation procedures, form of ballot and notice, and the establishment of a deadline for

the filing of objections to confirmation of the Plan of Reorganization (the "Plan").  In

support of the Motion, the Debtor respectfully states as follows:

## GENERAL BACKGROUND

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The Debtor filed a voluntary chapter 11 petition on September 16, 2013.

The Debtor continues to operate its business and manage its property as a debtor in

possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.    No examiner or trustee has been appointed in this case.

## RELIEF REQUESTED

4.    By this Motion, and pursuant to Bankruptcy Code §§ 105, 502, 1125, 1126

and 1128 and Federal Rules of Bankruptcy Procedure 2002, 3003, 3017, 3017.1, 3018

and 3020, the Debtor seeks entry of an Order substantially in the form attached hereto

as Exhibit A (the "Disclosure Statement Order") (a) conditionally approving the

Disclosure Statement, (b) combining the hearing in final approval of the Disclosure

Statement with the hearing on confirmation of the Plan, (c) approving the proposed

solicitation procedures (including establishing, for voting purposes only, a record holder

date for the holders of Clams),[1] (d) approving the form of ballots and balloting

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

instructions, (e) establishing procedures for tabulating votes on the Plan, and (f) setting

the date for the Confirmation Hearing (as defined below).

## THE DISCLOSURE STATEMENT

5.      Pursuant to Bankruptcy Code § 1125, a plan proponent must provide

holders of impaired claims with "adequate information" regarding a proposed plan of

reorganization.  Bankruptcy Code § 1125(a)(1) provides, in pertinent part, as follows:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of
> the nature and history of the debtor and the condition of the
> debtor's books and records . . . that would enable such a
> hypothetical reasonable investor typical of holders of claims
> or interests of the relevant class to make an informed
> judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

6.      A disclosure statement must, as a whole, provide information that is

"reasonably practicable" to permit an "informed judgment" by impaired creditors entitled

to vote on the plan of reorganization.  See In re Dakota Rail, Inc., 104 B.R. 138, 142

(Bankr. D. Minn. 1989); In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 979 (Bankr.

N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case

specific basis under a flexible standard that can promote the policy of Chapter 11

towards fair settlement through a negotiation process between informed interested

parties").

7.      In examining the adequacy of the information contained in a disclosure

statement, the Bankruptcy Court has broad discretion.  See Texas Extrusion Corp. v.

Lockheed Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988),

cert. denied, 488 U.S. 926 (1988); see also Dakota Rail, 104 B.R. at 143 (court has

"wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary and cumbersome detail").

8.      The grant of discretion was intended to facilitate effective reorganization of a debtor in the broad range of businesses in which Chapter 11 debtors engage, and the broad range of circumstances that accompany Chapter 11 cases.  See H.R. Rep. No. 595, 95th Cong. 1st Sess. 40809 (1977).  "In reorganization cases, there is frequently great uncertainty.  Therefore, the need for flexibility is greatest."  Id. at 409. Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.

9.      Courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

   a.   the circumstances that gave rise to the filing of the bankruptcy petition;

   b.   a complete description of the available assets and their value;

   c.   the anticipated future of the debtor;

   d.   the source of the information provided in the disclosure statement;

   e.   a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

   f.   the condition and performance of the debtor while in Chapter 11;

   g.   information regarding claims against the estate;

   h.   a liquidation analysis setting forth the estimated return creditors would receive under Chapter 7;

   i.   the accounting and valuation methods used to produce financial information in the disclosure statement;

j.    information regarding the future management of the debtor including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

k.    a summary of the plan of reorganization;

l.    an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

m.    the collectability of any accounts receivable;

n.    any financial information, valuations or pro forma objections that would be relevant to creditors' determinations of whether to accept or reject the plan;

o.    information relevant to the risks being taken by the creditors and interest holders;

p.    the actual or projected value that can be obtained from avoidable transfers;

q.    the existence, likelihood and possible success of non-bankruptcy litigation;

r.    the tax consequences of the plan; and

s.    the relationship of the debtor with its affiliates.

See, e.g., In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

10.    The Debtor respectfully submits that the Disclosure Statement contains more than ample information to satisfy the categories set forth above.

11.    Accordingly, the Debtor submits that the Disclosure Statement contains adequate information within the meaning of Bankruptcy Code § 1125, and, thus, should be approved.

## THE COURT MAY CONDITIONALLY APPROVE THE DISCLOSURE STATEMENT WITHOUT PRIOR NOTICE OR HEARING

12.     Section 1125(f)(3) of the Bankrutpcy Code provides that "the Court may conditionally approve a disclosure statement subject to final approval after notice and a hearing."  Likewise, Federal Rule of Bankruptcy Procedure 3017.1 authorizes the Court to "conditionally approve a disclosure statement" either "on application of the plan proponent or on its own initiative."

13.     "[N]otice and a hearing are not required for conditional approval." 7 Collier on Bankruptcy ¶ 1125.06[3]) (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); see also Fed. R. Civ. Pro. 3017.1(b) ("Rule 3017(a), (b), (c), and (e) do not apply to a conditionally approved disclosure statement.").

## CONCURRENT WITH CONDITIONAL APPROVAL, THE COURT IS REQUIRED TO FIX DATES AND DEADLINES

14.     Bankruptcy Rule 3017.1(a) provides that, "[o]n or before conditional approval of the disclosure statement, the court shall" (a) establish the voting deadline, (b) fix a deadline for objecting to the disclosure statement, (c) "fix a date for the hearing on final approval of the disclosure statement to be held if a timely objection is filed," and (d) to schedule the hearing on confirmation.

15.     Section 1126(f)(3)(C) of the Bankruptcy Code and Bankruptcy Rule 3017.1(c)(3) both permit the Court to combine the final hearing on approval of the disclosure statement – to be held only if a timely objection to the disclosure statement is filed – with the confirmation hearing.

## SOLICITATION PROCEDURES

**A.      Establishing Record Holder Date for the Holders of Claims.**

12.      Bankruptcy Rule 3017(d) provides that, for the purposes of voting

solicitation, "creditors and equity security holders shall include holders of stock, bonds,

debentures, notes and other securities of record on the date the order approving the

disclosure statement is entered or another date fixed by the court, after notice and a

hearing."  Bankruptcy Rule 3018(a) contains a similar provision regarding determination

of the record date.  In accordance with the Bankruptcy Rules, the record date is typically

the date that the disclosure statement is approved.  In the instant case, however,

because the Debtor has requested final approval of the Disclosure Statement at the

hearing on confirmation of the Plan, the the Debtor requests that the Court establish the

Voting Deadline (as defined below) as the "Record Holder Date" for purposes of voting

on the Plan.[2]

**B.      Effect of Record Holder Date for the Holders of Claims.**

13.      Pursuant to the Plan, the holders of Claims and Interests in Classes 1, 2,

3, 4, 5, and 6 are entitled to vote (collectively, the "Voting Classes").  As a result of the

Record Holder Date, the Debtor proposes that only the following holders of Claims or

Interests in the Voting Classes be entitled to vote with regard to such Claims or

Interests (the "Voting Claims"): (a) the holders of filed proofs of claim as reflected, as of

the close of business on the Record Holder Date, on the official Claims Register

maintained by the Clerk of this Court, that have not been objected to as of the Record

---

[2] The establishment of this Record Holder Date is for voting purposes only and shall have no preclusive effect with regard to who is entitled to receive distributions under the Plan.

Holder Date, and (b) the holders of scheduled claims that are listed in the Debtor's

Schedules as not contingent, unliquidated or disputed Claim (excluding scheduled

Claims that have been superseded by a filed proof of claim); provided, however, that the

assignee of a transferred and assigned claim (whether a filed or scheduled claim) shall

be permitted to vote such claim only if evidence of the transfer and assignment has

been filed with the Court by the assignee in accordance with Federal Rule of

Bankruptcy Procedure 3001 as of the close of business on the Record Holder Date.

14.     The Debtor further proposes that holders of Claims shall not be permitted

to vote on the Plan if their claims are subject to a pending objection on the Record

Holder Date or, with respect to transferred and assigned Claims, there is an objection to

the transfer, filed in accordance with Federal Rule of Bankruptcy Procedure 3001,

pending on the close of business on the Record Holder Date.

15.     The Debtor submits that the foregoing procedures are reasonable and

should be approved.

**C.     Form of Ballots.**

16.     Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

> *Form of Acceptance or Rejection.*  An acceptance or
> rejection shall be in writing, identify the plan or plans
> accepted or rejected, be signed by the creditor or equity
> security holder or authorized agent, and conform to the
> appropriate official form.

Fed. R. Bank. P. 3018(c).

17.     The Debtor proposes to mail a ballot (with instructions), substantially in the

form of the ballot (with instructions) attached hereto as Exhibit B (the "Ballots"), to each

holder of a claim in the Voting Classes.  This form of ballots complies with Bankruptcy

Rule 3018(c) and is based substantially on Official Form No. 14.  This form of ballots,

however, has been modified to address the particular needs of this case.  Accordingly,

the Debtor submits that the Ballots (and instructions) should be approved in all respects.

**D.     Procedures for Solicitation of Votes.**

18.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to

holders of Claims and Equity Interests for purposes of soliciting their votes on a plan of

reorganization.  Under the Plan, as set forth above, only holders of Claims in the Voting

Classes are entitled to vote to accept or reject the Plan.

19.     On or before a date to be set by the Court, the Debtor proposes to mail, or

cause to be mailed, solicitation packages (the "Solicitation Packages"), which will

include the following:

> a.     Notice of the Confirmation Hearing and related matters (the
> "Notice"), setting forth the time fixed for filing acceptances and
> rejections to the Plan, the time fixed for filing objections to
> confirmation of the Plan, and the date and time of the Confirmation
> Hearing;
>
> b.     a copy of the Disclosure Statement, as approved by the Court (with
> exhibits including the Plan); and
>
> c.     a Ballot (with instructions), substantially in the form approved by the
> Court, to the holders of Claims in impaired Classes.

20.     The Debtor proposes to mail the Solicitation Packages to the holders of

Voting Claims.

**E.     Voting Deadline for Receipt of Ballots.**

21.     The Debtor anticipates commencing the solicitation period as soon as

possible and intends to mail all Solicitation Packages and Notices of Non-Voting Status

on or before the deadline established by the Court.  Pursuant to Bankruptcy Rule

3017(c), the Debtor proposes that, in order to be counted as votes to accept or reject

the Plan, all Ballots must be properly executed, completed and delivered to the Debtor

by mail (in the return envelop provided with each Ballot), by overnight mail, or by

personal delivery so that the Ballots are received by the undersigned counsel for the

Debtor no later than 4:00 p.m. Mountain Time on August 15, 2014 (the "Voting

Deadline").

23. The Debtor believes that a August 15, 2014 deadline for submitting Ballots

is sufficient to provide creditors with the opportunity to review and analyze the Plan.

**F.    Tabulation Procedures with Regard to Holders of Claims.**

23. The Debtor proposes that, for purposes of voting, the amount of a claim

used to tabulate acceptance or rejection of the Plan shall be the amount set forth on the

Ballots for a particular creditor.  The Debtor proposes that the amount of a claim set

forth on the Ballot shall be one of the following:

    a.    the amount set forth as a claim in the Debtor's Schedules that is not listed as contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims);

    b.    the amount set forth on a filed proof of claim that has not been disallowed, disqualified, suspended, reduced or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan; or

    c.    the amount estimated and temporarily allowed with respect to a Claim pursuant to an order of this Court.

24. Pursuant to Bankruptcy Code §§ 105 and 1126, the Debtor requests that

the Court direct as follows with respect to all Ballots submitted by the holders of a

Claim:

a.   any Ballot that is properly completed, executed and timely returned to the Debtor that does not indicate an acceptance or rejection of the Plan shall be deemed to be a vote to accept the Plan;

b.   any Ballot which is returned to the Debtor indicating acceptance or rejection of the Plan but which is unsigned shall not be counted;

c.   whenever a holder of a Claim casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last timely Ballot received by the Debtor shall be counted;

d.   if a holder of a Claim casts simultaneous duplicative ballots voted inconsistently such ballots shall count as one vote accepting the Plan;

e.   each holder of a Claim shall be deemed to have voted the full amount of its Claim;

f.   each holder of any Claim shall be entitled to vote all of the Claims it holds, and shall be entitled to cast several Ballots, to be counted separately, in determining numerical voting count, as to each Claim within a particular class;

g.   any Ballots that partially reject and partially accept the Plan shall be deemed a vote to accept the Plan; and

h.   any Ballot received by the Debtor by telecopier, facsimile or other electronic communication shall not be counted.

25.   The Debtor submits that establishing the tabulation procedures set forth above is necessary to avert any confusion resulting from incompletely or inconsistently executed ballots and will simplify the voting and tabulation process.

## CONFIRMATION HEARING AND OBJECTION DEADLINE

26.   Pursuant to Bankruptcy Rule 2002, a plan proponent is required to give creditors and equity interest holders not less than 28 days notice by mail of the time fixed for filing objections to, and the hearing on, confirmation of a plan of reorganization, unless that time is shortened.

27.     In order to avoid confusion regarding any objection to the Plan and the accompanying delay, the Debtor requests that the Court direct that any objections or proposed modifications to the Plan be in writing, state the name and address of the objecting party, the amount of its claim or the nature of its interest, and the nature of the objection or modification and the legal basis therefore, and be filed with and received by the Court, and served upon and received no later than 4:00 p.m. Mountain Time on August 15, 2014, by (i) the Clerk, United States Bankruptcy Court, Room 301, United States Courthouse, 350 South Main Street, Salt Lake City, Utah 84101; (ii) counsel to the Debtor, George Hofmann, Parsons Kinghorn Harris, 111 East Broadway, 11th Floor, Salt Lake City, Utah 84111; and (iii) the Office of the United States Trustee, James Vincent Cameron, Ken Garff Bldg., 405 South Main Street, Suite 300, Salt Lake City, Utah 84111.

28.     The Debtor has requested the Court to establish August 26, 2014, at 3:00 p.m., as the date for the hearing on the confirmation of the Plan.

WHEREFORE, the Debtor respectfully requests the Court to enter an Order granting the relief sought herein and for such other and further relief as is just.

Dated:    July 11, 2014

PARSONS KINGHORN HARRIS
*A Professional Corporation*

/s/ George Hofmann
GEORGE HOFMANN

Attorneys for the Debtor

# EXHIBIT A

PREPARED AND SUBMITTED BY:

George Hofmann (10005)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for debtor-in-possession
Mineral Resources International, Inc.

---

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re | Bankruptcy No. 13-30606 (RKM) |
| MINERAL RESOURCES INTERNATIONAL, INC., | Chapter 11 |
| Debtor. | |

**ORDER (i) CONDITIONALLY APPROVING THE DEBTOR'S DISCLOSURE STATEMENT PURSUANT TO BANKRUPTCY CODE § 1125(f)(3); (ii) COMBINING THE HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT WITH THE HEARING ON CONFIRMATION OF THE DEBTOR'S PLAN OF REORGANIZATION; (iii) ESTABLISHING VOTING RECORD HOLDER DATE, (iv) APPROVING SOLICITATION PROCEDURES, FORMS OF BALLOTS, AND MANNER OF NOTICE, AND (v) FIXING THE DEADLINE FOR FILING OBJECTIONS TO THE CONFIRMATION OF THE PLAN**

This matter is before the Court on the motion (the "Motion") of Mineral

Resources International, Inc., the debtor-in-possession in the above-captioned case

(the "Debtor"), seeking, inter alia, approval pursuant to Bankruptcy Code § 1125 of the

proposed disclosure statement on file with the Court and approval of certain proposed procedures in connection with confirmation of the Debtor's Chapter 11 Plan (the "Plan").

Pursuant to Bankruptcy Code § 1125(f)(3) and Bankruptcy Rules 3016, 3017(d), 3017.1 and 3018, neither notice nor a hearing are required prior to entry of this Order.

The Court having considered the Motion, and proposed Disclosure Statement (as defined below), the facts stated in the Motion, and upon all of the proceedings heretofore had before the Court, and due deliberation and sufficient cause appearing, therefore it is

ORDERED, FOUND AND DETERMINED THAT:

1.      Pursuant to Bankruptcy Code § 1125(f)(3)(A) and Bankruptcy Rule 3017.1, the Disclosure Statement found at Docket No. 104 in the above-captioned case (the "Disclosure Statement") is conditionally approved as containing adequate information.

2.      The final hearing on approval of the Disclosure Statement, to be held only if a timely objection is filed, shall be combined with the hearing on confirmation on August 26, 2014 at 3:00 p.m.

3.      Any objection to final approval of the Disclosure Statement must be filed with the Clerk of the Bankruptcy Court, together with proof of service, no later than 4:00 p.m. Mountain Time on August 15, 2014, and must be served so as to be received by them no later than 4:00 p.m. the same day on: (i) the Clerk, United States Bankruptcy Court, Room 301, United States Courthouse, 350 South Main Street, Salt Lake City, Utah 84101; (ii) counsel to the Debtor, George Hofmann, Parsons Kinghorn Harris, 111 East Broadway, 11th Floor, Salt Lake City, Utah 84111; and (iii) the Office of the United

States Trustee, J. Vincent Cameron, Ken Garff Bldg., 405 South Main Street, Suite 300, Salt Lake City, Utah 84111.

4.      Any objection to final approval of the Disclosure Statement must be in writing and (a) must state the name and address of the objecting party and the amount(s) of its Claim(s) or the nature of its interest, and (b) must state, with particularity, the nature of its objection.

5.      In the event that no timely objection is filed, the Court may strike the hearing on final approval of the Disclosure Statement, and the conditional approval granted under this Order shall, without further notice or hearing, become final approval.

3.      For voting purposes and mailing of notices pursuant to this Order, August 15, 2014 shall be the "Record Holder Date" for the holders of Claims[1] and Equity Interests.

4.      Only the following holders of Claims in the Voting Classes (as defined in the Motion) shall be entitled to vote with regard to such Claims (a) the holders of filed proofs of claim as reflected, as of the close of business on the Record Holder Date, on the official claims register maintained by the Clerk of this Court, that have not been objected to as of the Record Holder Date, and (b) the holders of scheduled claims that are not listed in the Debtor's Schedules as contingent, unliquidated, or disputed claims (excluding scheduled claims that have been superseded by a filed proof of claim).  The holders of transferred and assigned claims (whether a filed or scheduled claim) shall be permitted to vote such claims unless the transfer of such filed or scheduled claims has been objected to by the transferor within the time permitted by Federal Rule of

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

Bankruptcy Procedure 3001 and such objection to transfer is pending or has been sustained by the Court before the close of business on the Record Holder Date. Holders of Claims shall not be permitted to vote on the Plan, if their Claims are subject to a pending objection on the Record Holder Date.

5.      The Debtor shall mail a ballot (with instructions), substantially in the form of the ballots (with instructions) attached to the Motion as Exhibit B (the "Ballots"), to each holder of a claim in the Voting Classes under the Plan.

6.      The Debtor shall deposit or cause to be deposited in the United States mail, postage prepaid, a solicitation package (the "Solicitation Package"), which shall include the following:

a.      Notice of the Confirmation Hearing and related matters setting forth the time fixed for filing objections to confirmation of the Plan, and the date and time of the Confirmation Hearing; and

b.      a copy of the Disclosure Statement, as approved by the Court (with exhibits including the Plan); and

c.      a ballot (with instructions), in substantially the form approved by the Court.

7.      The Debtor shall mail the Solicitation Packages to the holders of Voting Claims (as defined in the Motion).

8.      All persons and entities entitled to vote on the Plan shall deliver their Ballots by mail, hand deliver or overnight courier to the Debtor's counsel at:

George Hofmann
Counsel for Mineral Resources International, Inc.
c/o Ballot Tabulation

111 East Broadway, 11th Floor
Salt Lake City, Utah 84111

Ballots submitted by facsimile shall not be counted.

9.      For purposes of voting, the amount of a claim used to tabulate

acceptance or rejection of the Plan shall be the amount set forth on the ballots for that

particular creditor, which shall be one of the following:

   a.   the amount set forth as a claim in the Debtor's Schedules that is
        not listed as contingent, unliquidated, or disputed (excluding
        scheduled claims that have been superseded by a filed proof of
        claim);

   b.   the amount set forth on a filed proof of claim which has not been
        disallowed, disqualified, suspended, reduced or estimated and
        temporarily allowed for voting purposes prior to computation of the
        vote on the Plan; or

   c.   the amount estimated and temporarily allowed pursuant to an order
        of this Court.

10.     With respect to Ballots submitted by a holder of a Claim:

   a.   any Ballot that is properly completed, executed and timely returned
        to the Debtor that does not indicate an acceptance or rejection of
        the Plan shall be deemed a vote to accept the Plan;

   b.   any Ballot which is returned to the Debtor indicating acceptance or
        rejection of the Plan, but which is unsigned, shall not be counted;

   c.   whenever a holder of a Claim casts more than one Ballot voting the
        same claim before the Voting Deadline, only the last timely Ballot
        received by the Debtor shall be counted;

   d.   if a holder of a Claim casts simultaneous duplicative Ballots voted
        inconsistently, then such Ballots shall count as one vote accepting
        the Plan;

   e.   each holder of any Claim shall be entitled to vote all of the Claims it
        holds, and shall be entitled to casts several Ballots, to be counted
        separately, in determining numerical voting count as to each Claim
        within a particular class;

     f.     each holder of any Claim shall be entitled to vote all of the Claims it holds, and shall be entitled to cast several Ballots, to be counted separately, in determining numerical voting count as to each Claim within a particular class;

     g.     any Ballots that partially reject and partially accept the Plan shall be deemed to be a vote for acceptance of the Plan; and

     h.     any Ballot received by the Debtor by telecopier, facsimile or other electronic communication shall not be counted.

11.     The Confirmation Hearing of the Plan is scheduled for August 26, 2014 at 3:00 p.m., at the United States Bankruptcy Court at 350 South Main Street, Room 369, Salt Lake City, Utah 84101. This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s).

12.     Any objection to confirmation of the Plan must be filed with the Clerk of the Bankruptcy Court, together with proof of service, no later than August 15, 2014, and must be served so as to be received by them no later than August 15, 2014 on: (i) the Clerk, United States Bankruptcy Court, Room 301, United States Courthouse, 350 South Main Street, Salt Lake City, Utah 84101; (ii) counsel to the Debtor, George Hofmann, Parsons Kinghorn Harris, 111 East Broadway, 11th Floor, Salt Lake City, Utah 84111; and (iii) the Office of the United States Trustee, James Vincent Cameron, Ken Garff Bldg., 405 South Main Street, Suite 300, Salt Lake City, Utah 84111. Any objection to confirmation of the Plan must be in writing and (a) must state the name and address of the objecting party and the amount of its Claims or the nature of its interest and (b) must state, with particularity, the nature of its objection.

**--- END OF ORDER ---**

# EXHIBIT B

George Hofmann (10005)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, Utah  84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for Debtor-in-Possession
Mineral Resources International, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>MINERAL RESOURCES INTERNATIONAL, INC.,<br><br>Debtor. | Bankruptcy No. 13-30606 (RKM)<br><br>Chapter 11 |

### BALLOT

### CLASS 1 – CASEPAK CLAIM

Pursuant to 11 U.S.C. § 1125, Mineral Resources International, Inc. (the "Debtor") hereby solicits your vote as a holder of a Class 1 Claim referred to in the accompanying Disclosure Statement and Plan. Capitalized terms used in this Ballot and not otherwise defined herein have the meanings specified in the Disclosure Statement and Plan. Please review the Disclosure Statement and Plan carefully before you vote.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on a Class of Claims if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in a Class that actually votes on the Plan. To have your vote count, you must complete this Ballot. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you even if you do not vote. If you hold Claims in more than one Class, you will receive a separate Ballot for each such Class of Claims. If you believe that you have a Claim in a Class for which you did not receive a Ballot, you may request a Ballot by contacting the Debtor pursuant to the instructions contained at the end of this Ballot. If you hold more than one Claim in a Class, you must vote all of your Claims in such Class either to accept or reject the Plan. Any ballot marked as a partial acceptance will not be counted. The Debtor reserves the right to disqualify any vote represented by a Ballot that has been modified or altered by any creditor.

**Item 1.  AMOUNT OF CLASS 1 CLAIM**

The Person who executes this Ballot or on whose behalf this Ballot is executed holds a Class 1 Claim in

the amount of $_____.

**Item 2.  CLASS 1 CREDITOR VOTE**

The holder of the Claim set forth in Item 1 above hereby (please check one):

**Accepts the Plan**        ☐

**Rejects the Plan**        ☐

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned as the holder of the Claim in the amount set forth in Item 1.

**BEFORE DELIVERING YOUR BALLOT TO THE DEBTOR PLEASE CONFIRM THAT YOU HAVE:**

(a)    inserted the information required by Item 1;

(b)    cast one vote to accept or reject the Plan by checking the appropriate box in Item 2; and

(c)    signed and dated this Ballot.

**PLEASE MAIL YOUR BALLOT PROMPTLY! YOUR VOTE WILL NOT BE COUNTED UNLESS YOUR VOTE IS RECEIVED BY 4:00 P.M., MOUNTAIN TIME, ON AUGUST 15, 2014.**

Date Completed: _____

_____
Signature of holder of Claim, or authorized representative

_____
Please print name of signer, and capacity to sign if representative

_____
Social Security Number or Taxpayer Identification Number

_____
Name of holder of Claim (Please print or type)

**(Fill in area to right)**

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

**COMPLETED BALLOTS SHOULD BE RETURNED BY
MESSENGER, MAIL OR OVERNIGHT COURIER TO:**

**George Hofmann
Counsel for Mineral Resources International, Inc.
c/o Ballot Tabulation
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111**

**OR USE THE POSTAGE PRE-PAID ENVELOPE PROVIDED**

| **IF YOU HAVE ANY QUESTIONS** |
|---|
| IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE |

{00195204.DOC /}

DEBTOR'S COUNSEL, GEORGE HOFMANN, AT 801-363-4300.