**The below described is SIGNED.**

Dated: February 27, 2015

_____
**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



---

*Prepared by:*

George Hofmann (10005)
Adam Reiser (13339)
**Parsons Kinghorn Harris**
A Professional Corporation
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone: (801) 363-4300
Facsimile:  (801) 363-4378

*Attorneys for* debtor-in-possession
Mineral Resources International, Inc.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: <br><br> **MINERAL RESOURCES INTERNATIONAL, INC.** <br><br> Debtor. | Bankruptcy No. 13-30606 RKM <br><br> Chapter 11 |

### FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
### OF DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 11

This matter came before the Court on February 27, 2015 at 10:00 a.m. (the "**Confirmation Hearing**") to consider confirmation of the Plan of Reorganization dated February 12, 2015 [Docket No. 295] (the "**Plan**") filed by Mineral Resources International, Inc., debtor-in-possession (the "**Debtor**").  George Hofmann appeared on behalf of the Debtor.  Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the Debtor's *Memorandum of Law in Support of Confirmation of Debtor's Plan of Reorganization*

{00197301.DOCX / 3}

[Docket No. 300] other papers filed concerning the Plan [*e.g.*, Docket Nos. 299, 284, 290], the Declarations filed in support of confirmation of the Plan, the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries, all transcripts of hearings, and all of the evidence received and arguments made at the hearings held before the Court during the pendency of the Bankruptcy Case.

C. <u>Transmittal and Mailing of Materials; Notice</u>. All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules. The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors and holders of Equity Interests entitled to vote on the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

{00197301.DOCX / 3}

Plan, and such transmittal and service were adequate and sufficient. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

D. <u>Solicitation</u>. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

E. <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

F. <u>Creditors' Acceptance of Plan</u>. The Plan establishes seven Classes of Claims and one Class of Interests. Classes 2, 5, and 7, and 8 have accepted the Plan. No qualifying ballots were returned with respect to Classes 1 and 4 and no creditors in those Classes objected to confirmation of the Plan. As such, Classes 1 and 4 are deemed to have accepted the Plan.[4] In addition, Classes 3 and 6 are unimpaired and no creditors in those Classes objected to the Plan.

G. <u>Plan Complies with Bankruptcy Code</u>. The Plan, as supplemented and modified by the Confirmation Order, complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

[4] See, e.g., In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988); In re John Kuhni Sons, Inc., 10-29038 RKM, 2011 WL 1343206 at *4 (Bankr. D. Utah Mar. 30, 2011); In re Jones, 530, F.3d 1284, 1291 (10th Cir. 2008); In re Armstrong, 292 B.R. 678, 684 (10th Cir. B.A.P. 2003).

i. <u>Proper Classification</u>. The Claims and Interests placed in each Class are substantially similar to other Claims in each such Class. The Plan properly classifies Claims. In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates various separate Classes of Claims and Interests based on differences in their legal nature or priority. Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests under the Plan. Finally, the Classes do not unfairly discriminate between holders of Claims and/or the Holders of Interests. Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

ii. <u>Specify Unimpaired Classes</u>. Classes 3 and 6 are designated as unimpaired Classes under the Plan. Thus, § 1123(a)(2) is satisfied.

iii. <u>Specify Treatment of Impaired Classes</u>. Classes 1, 2, 4, 5, 7, and 8 are designated as impaired under the Plan. Article IV of the Plan specifies the treatment of the impaired Classes of Claims and Interests, thereby satisfying § 1123(a)(3).

iv. <u>No Discrimination</u>. The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest, thereby satisfying § 1123(a)(4).

v. <u>Implementation of Plan</u>. The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5). Among other things, Articles V and VI provides for (a) the vesting of property of the Estate into the Reorganized Debtor; (b) the orderly distribution of payments holders of Claims, as provided for in the Plan; (c) the potential for objections to Claims and resolution of objections through estimation, settlement or judicial determination; (d) the continuation of normal business operations of the

Reorganized Debtor after the Effective Date of the Plan, (d) the memorialization of an agreement between the Debtor and NorthShore Limited Partnership and the post-confirmation continuation of this agreement.

 vi. <u>Selection of Post-Confirmation Managers</u>.  The identity and affiliations of Bruce, Matthew and Val Anderson, who will continue to manage the Reorganized Debtor are properly disclosed in the Disclosure Statement and the Plan.  Thus, § 1123(a)(7) is satisfied.

 vii. <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the rejection of executory contracts and unexpired leases, and (b) provisions governing distributions on account of Allowed Claims, particularly as to the timing and calculation of amounts to be distributed; and (c) provisions regarding the retention by this Court over certain matters after the Effective Date.  As such, the requirements of § 1123(b) are satisfied.

 viii. <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtor as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

H. <u>The Plan and its Proponent Comply with the Bankruptcy Code</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code.  Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

 i. The Debtor is a proper proponent of the Plan under § 1121(c).

 ii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

I. <u>Plan Proposed in Good Faith</u>.  The Plan is proposed in good faith and not by any means forbidden by law and, therefore, complies with the requirements of § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan.

J. <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

K. <u>Managers of the Reorganized Debtor</u>.  The Plan and the Disclosure Statement state that Bruce Anderson, Val Anderson, and Matthew Anderson will continue to serve as managers of the Reorganized Debtor.  Their continued service is consistent with the interests of the holders of Claims and with public policy.  Therefore, the requirements of § 1129(a)(5) are satisfied.

L. <u>No Rate Changes</u>.  The Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M. <u>Best Interests of Creditors Test</u>.  The Plan satisfies § 1129(a)(7) with respect to all Classes of Claims and Interests.  All Classes have either accepted the Plan, or will receive property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 on the Effective Date.  As such, § 1129(a)(7)(A) is satisfied.

N. <u>Acceptance by Certain Classes</u>.  Classes 1, 2, 4, 5, 7, and 8 have accepted the Plan.  Classes 3 and 6 are not impaired by the Plan.  Accordingly § 1129(a)(8) is satisfied as to all Classes of Claims.

O. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Plan satisfies the requirements of § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

P. <u>Acceptance by at Least One Impaired Class</u>. Classes 2 and 5 have voted to accept the Plan, and the acceptance of at least one of such accepting impaired Class has been determined without including the votes of any insiders, thus satisfying § 1129(a)(10).

Q. <u>Feasibility</u>. The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor. The Court is satisfied that the Plan offers a reasonable prospect of success, and is workable. As such, the requirements of section 1129(a)(11) are satisfied.

R. <u>Payment of Fees</u>. All fees payable under 28 U.S.C. § 1930 have been paid, or will be paid on or before the Effective Date, pursuant to Section 2.2(b) of the Plan, thereby satisfying § 1129(a)(12).

S. <u>Continuation of Retiree Benefits</u>. The Plan complies with § 1129(a)(13) because the Debtor is not obligated to pay any retiree benefits subject to § 1114.

T. <u>No Domestic Support Obligations</u>. The Debtor does not have any domestic support obligations. Therefore, § 1129(a)(14) is not applicable.

U. <u>Not an Individual</u>. The Debtor is not an individual. As such § 1129(a)(15) is not applicable.

V. <u>Transfers Will Comply with Nonbankruptcy Law</u>. The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property

by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W. <u>Fair and Equitable; No Unfair Discrimination</u>. All Classes have accepted, or are deemed to have accepted, the Plan. As such, compliance with § 1129(b) is not required.

X. <u>No Other Plan.</u> No other chapter 11 plan is pending before the Court in this Bankruptcy Case and no other plan has been, or will be, confirmed in this Case. As such, the requirements of § 1129(c) are satisfied.

Y. <u>Principal Purpose of Plan</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Plan satisfies the requirements of § 1129(d).

Z. <u>Small Business Case Confirmation Deadline</u>. By order dated August 20, 2014 [Docket No. 140], the Court extended the deadline for the Debtor to confirm the Plan through October 24, 2014. By order dated October 9, 2016 [Docket No. 209], the Court extended the deadline for the Debtor to confirm the Plan through December 23, 2014. By order dated December 19, 2014 [Docket No. 272], the Court extended the deadline for the Debtor to confirm the Plan through February 27, 2015.

AA. The Plan has been confirmed within the extended deadline and therefore complies with § 1129(e).

BB. The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

CC. In summary, the Confirmed Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

-------------------------------------- END OF DOCUMENT --------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

The undersigned hereby designates the following parties to be served a copy of the foregoing **FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 11:**

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CF/ECF System:

- Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Donald L. Dalton    daltonandkelley@msn.com
- Zane S. Froerer    zane.froerer@froererlaw.com, law.reception@froererlaw.com
- Tyler Hawkes    tyler@ruddfirm.com, tylerhawkesesq@gmail.com
- George B. Hofmann    ghofmann@cohnekinghorn.com, dhaney@cohnekinghorn.com;jthorsen@cohnekinghorn.com
- Adam H Reiser    areiser@cohnekinghorn.com
- Gerald H. Suniville    gsuniville@vancott.com, docketing@vancott.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Sean Wood    sean@ruddfirm.com

**By U.S. Mail**:  In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

☐  None

☒  Lone Peak Valuation Group
　　36 South State Street, Suite 500
　　Salt Lake City, UT 84111

☐  All parties on the Court's official case matrix.

　　　　　　　　　　　　　　　　　　/s/ George Hofmann